**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NOS. A-1323-24
A-1324-24

IN THE MATTER OF
D.G. AND D.P., POLICE
OFFICERS (M0156D),
UNION TOWNSHIP.

_____

Argued June 4, 2026 – Decided July 8, 2026

Before Judges Gilson and Firko.

On appeal from the New Jersey Civil Service Commission, Docket Nos. 2024-1727 and 2024-1728.

Michael Garcia argued the cause for appellants D.G. and D.P. (Fernandez Garcia, LLC, attorneys; Michael Garcia, of counsel and on the briefs).

Brian D. Ragunan, Deputy Attorney General, argued the cause for respondent Civil Service Commission (Jennifer Davenport, Attorney General, attorney; Janet Greenberg Cohen, Assistant Attorney General, of counsel; Brian D. Ragunan, on the brief).

PER CURIAM

In these consolidated appeals, appellants D.G. and D.P. appeal from a November 27, 2024 final agency decision by the Civil Service Commission

(Commission), which denied their requests to reopen their appeals of the removal of their names from the eligible list of police officers for Union Township (Township). Appellants also challenge the Commission's determination that there was no good cause to extend their time to submit psychological reports to counter the Township's psychological reports opining that they were unfit to serve as police officers. We affirm.

I.

The pertinent facts are undisputed. In September 2023, the Township placed appellants on its police officers' eligibility list after they passed the Commission's Entry-Level Law Enforcement Examination. The Township's psychological evaluator performed pre-employment screenings and did not recommend appellants for appointment. The Township notified appellants of their psychological disqualifications and their removal from the eligibility list. Appellants requested copies of the reports and raw data testing pertaining to their psychological testing. The Commission denied their requests.

On February 16, 2024, appellants appealed to the Commission by letters postmarked February 17, 2024. Appellants' counsel claims he endeavored to identify a New Jersey licensed psychologist or psychiatrist who specialized in psychological testing of police candidates. According to appellants' counsel his

efforts were "stymied" because the reasons underpinning appellants' psychological ineligibilities were unknown and only "seven" experts were available to evaluate appellants.

In a March 15, 2024 letter, the Commission acknowledged the appeals and informed appellants that under N.J.A.C. 4A:4-6.5(e), they had ninety calendar days from the filing of the appeals to submit reports and recommendations from a New Jersey licensed psychologist or psychiatrist. Thus, the deadline for the reports was May 17, 2024. The Commission's letter also informed appellants that they could seek an extension for the submission of their fitness reports if they could establish good cause. The Commission explained that receipt of the Township's report did not toll the regulatory deadline. Additionally, the Commission required any requests for an extension to be in writing with the reason for the extension.

On March 26, 2024, appellants' counsel acknowledged receipt of the Township's psychological reports. On June 24, 2024, thirty-eight days after the May 17, 2024 deadline, appellants' counsel submitted expert reports authored by Dr. Susan A. Funari. Dr. Funari found both appellants were fit for appointment as police officers. Appellants' attorney certified the untimely submissions were caused by the Township's delay in providing appellants' pre-

appointment evaluations until March 26, 2024; counsel's difficulties in finding a qualified expert; and counsel's illness requiring hospitalization followed by a slow recovery.

On July 10, 2024, the Commission's deputy director sent appellants' counsel two letters pertaining to each appellant advising good cause had not been demonstrated to relax the ninety-day timeframe to accept Dr. Furnari's reports. The letters stated Dr. Furnari's evaluations were conducted after the ninety-day deadline. The deputy director noted it is an "appellant's responsibility to begin securing a psychological evaluation as soon as the appellant files an appeal or even before that time" and "to address any contingencies" that may arise. Because appellants did not submit substantive documentation within the stated timeframe to refute the findings of the Township's pre-employment psychological examinations, the appeals were closed.

On July 19, 2024, appellants' counsel sought reconsideration of the deputy director's denial and to restore their names to the eligibility list. Appellants contended there was good cause shown for an extension to submit their rebuttal reports because they received the Township's report late and due to their counsel's illness. The matters were forwarded to the Commission for

consideration by the full board. On November 27, 2024, the Commission issued a single final agency decision dismissing both appeals and rejecting appellants' claims for extensions. The Commission acknowledged that the Township had the burden of proof in psychological appeals pursuant to N.J.A.C. 4A:4-6.3(b). The Commission then noted that N.J.A.C. 4A:4-6.5(d) required the Township to submit the psychological reports within twenty days, or its request for removal might be denied.

The Commission explained that the rules on filing timeframes for those types of appeals were designed to facilitate the timely processing of these appeals and to establish a contemporaneous record of an eligible's medical or psychological condition at the time of appointment for the Commission to consider. The Commission noted that the time for filing rebuttal psychological reports could be extended for good cause under N.J.A.C. 4A:4-6.5(f).

According to the Commission, it is "imperative" that such timelines are strictly enforced. The Commission noted that if "a candidate was improperly rejected for the position, the remedy provided is a mandated appointment to the position with a retroactive date of employment for seniority and salary step purposes."

The Commission found unpersuasive appellants' arguments that because the Township had not submitted their reports in a timely manner, that delay should constitute good cause for their late filing. To the contrary, the Commission determined the Township had submitted the pre-appointment psychological reports and tests "in a timely manner." The Commission pointed out that many applicants submit their independent reports without their experts receiving the appointing authority's report. The Commission rejected appellants' contention that there are only seven licensed psychologists or psychiatrists in this State who conduct evaluations in these circumstances.

The Commission found appellants' counsel's illness was insufficient to establish good cause because this occurred "in the later part of the [ninety]-day time period." In addition, the Commission highlighted appellants' counsel is not a solo practitioner but rather a partner in a "two-attorney law firm." Therefore, the Commission concluded that appellants failed to establish good cause.

On appeal, appellants argue the Commission and the Township violated the statutory time limits while at the same time, disqualified appellants for violating those same statutory time limits, which is arbitrary and an abuse of discretion. Appellants challenge the Commission's finding that there was no good cause to extend their time to submit rebuttal psychological reports under

N.J.A.C. 4A:4-6.5(e). Appellants also contend the Township has not demonstrated any prejudice by extending the ninety-day time limit. We are unpersuaded by these arguments.

II.

"Judicial review of agency determinations is limited." Allstars Auto Grp., Inc. v. N.J. Motor Vehicle Comm'n, 234 N.J. 150, 157 (2018). "An administrative agency's final quasi-judicial decision will be sustained unless there is a clear showing that it is arbitrary, capricious, or unreasonable, or that it lacks fair support in the record." Ibid. (quoting Russo v. Bd. of Trs., PFRS, 206 N.J. 14, 27 (2011)). In reviewing the agency's decision, we consider:

> (1) whether the agency's action violates express or implied legislative policies, that is, did the agency follow the law;
>
> (2) whether the record contains substantial evidence to support the findings on which the agency based its action; and
>
> (3) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.
>
> [Ibid. (quoting In re Stallworth, 208 N.J. 182, 194 (2011)).]

"A reviewing court 'must be mindful of, and deferential to, the agency's expertise and superior knowledge of a particular field.'" Id. at 158 (quoting Circus Liquors, Inc. v. Governing Body of Middletown Twp., 199 N.J. 1, 10 (2009)). We "may not substitute [our] own judgment for the agency's, even though [we] might have reached a different result." Stallworth, 208 N.J. at 194 (quoting In re Carter, 191 N.J. 474, 483 (2007)). In contrast, "a reviewing court is 'in no way bound by [an] agency's interpretation of a statute or its determination of a strictly legal issue.'" Allstars Auto Grp., 234 N.J. at 158 (second alteration in original) (quoting Dep't of Children & Families, DYFS v. T.B., 207 N.J. 294, 302 (2011)).

A.

First, appellants argue it was arbitrary and capricious for the Commission not to extend the deadline for the submission of their rebuttal reports when both the Commission and the Township violated the statutory time limits set forth in N.J.A.C. 4A:4-6.5(d). Appellants maintain that the Township did not send its pre-employment screenings until approximately March 25, 2024, or thirty-three days after the Commission received their appeals.

Contrary to appellants' argument, the ninety-day period for submission of their rebuttal expert reports commenced with the filing of their appeals, not the

date the appointing authority filed its submissions. N.J.A.C. 4A:4-6.5(e). Moreover, N.J.A.C. 4A:4-6.5(d) does not impose any obligations or time limits on the Commission. Therefore, appellants' argument lacks merit.

The Commission was correct in determining that nothing in the regulations foreclosed appellants from timely preparing or submitting their reports. The record shows the Township received notice of appellants' appeals on March 13 and 15, 2024. Within twenty days of receipt, the Township provided appellants' counsel with both appellants' pre-employment screenings. Therefore, the Township did not violate N.J.A.C. 4A:4-6.5(d).

Further, even if the Commission determined that the Township violated N.J.A.C. 4A:4-6.5(d), the regulation does not require an appointing authority to automatically deny a request for removal because N.J.A.C. 4A:4-6.5(d)(2) states, "[a]ny appointing authority failing to submit the required materials within the specified time may have its request for removal denied." This permissive language granted the Commission the authority, rather than the obligation, to deny the Township's request for removal, if it found the Township failed to comply with the twenty-day time period to provide documentation to a petitioner in N.J.A.C. 4A:4-6.5(d). Here, the Commission properly upheld the Township's request for removal because it submitted the pre-employment screenings within

twenty days of receipt of appellants' notices of the appeals. We conclude the Commission's decision is not arbitrary, capricious, or unreasonable.

B.

The Commission also did not act in an arbitrary and capricious manner in concluding appellants failed to establish good cause to extend the filing deadlines for their rebuttal reports. Appellants were "fully aware" of the ninety-day filing date for the submission of their rebuttal reports; and as such, they were obliged to meet the date unless good cause was shown. "We have recognized the term, 'good cause,' evades a precise definition." Est. of Semprevivo v. Lahham, 468 N.J. Super. 1, 14 (App. Div. 2021) (citing Ghandi v. Cespedes, 390 N.J. Super. 193, 196 (App. Div. 2007)). To that end, we have described the concept as "an amorphous term, that . . . 'is difficult of precise delineation. Its application requires the exercise of sound discretion in light of the facts and circumstances of the particular case considered in the context of the purposes of the [rule] being applied.'" Ghandi, 390 N.J. Super. at 196 (quoting Del. Valley Wholesale Florist, Inc. v. Addalia, 349 N.J. Super. 228, 232 (App. Div. 2002)).

The Commission concluded that appellants failed to establish good cause to extend the filing deadlines for their rebuttal reports. The Commission

reasoned that the rules on filing timeframes for these types of appeals are designed to facilitate the timely processing of these appeals and allow parties to establish a contemporaneous record of the party's medical or psychological condition at the time of appointment for the Commission to consider. This is important because psychological reports for law enforcement titles are only valid for one year. The Commission reasoned that a delay in the process may prejudice current employees because if successful, then the remedy would be a mandated appointment to the position with retroactive seniority, which could displace the last employee that the appointing authority hired for that position. We see no basis to disturb the Commission's decision.

C.

Finally, we reject appellants' argument that neither the Commission nor the Township has demonstrated any prejudice. Appellants contend their rebuttal reports were submitted only thirty-four days late, and the Commission's claim of prejudice "rests squarely upon some future phantom employee who may be displaced" if appellants were successful in their appeals.

We find nothing in the Commission's adherence to its regulations to conclude otherwise. Appellants do not offer any argument or evidence to

11

suggest that no prejudice would result to the Commission or Township. Appellants merely raise speculative arguments.

Having considered the record and governing principles, we conclude that appellants have failed to establish the Commission's final agency decision was arbitrary, capricious, and unreasonable. Moreover, the Commission's decision is supported by sufficient credible evidence in the record.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

A-1323-24